

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,876-01

**EX PARTE BRYAN E. PALMBERG, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 1121345-A IN THE 179TH DISTRICT COURT
## FROM HARRIS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty, was convicted of possession of cocaine less than one gram, and sentenced to ninety days imprisonment in county jail. He did not appeal his conviction.

Applicant contends, among other things, that his plea was involuntary because he was not made aware of a lab report, dated three months after his plea, showing that the evidence gathered contained no illicit substances. The State and trial court agree that Applicant is entitled to relief.

The trial court found that "On September 14, 2009, evidence from Applicant's case was tested at the Houston Police Department Crime Lab . . . The laboratory analysis did not indicate the presence of any controlled substance or dangerous drug." The trial court's finding relies on a letter from the Houston Crime Lab to the Harris County District Attorney's office. However, the letter contradicts the trial court's finding. The letter does not state that there were no illicit drugs found in the sample as the trial court finds, but that a police officer used the entire sample for his field test, leaving no unprocessed evidence to analyze. The lab performed no analysis because there was no evidence to analyze.

Because the parties agreed to the findings and recommended granting relief, and those findings are contradicted by the record, additional findings are necessary. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

It appears that Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If the trial court elects to hold a hearing, it shall determine if Applicant is represented by counsel, and if not, whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that his plea was involuntary. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: March 18, 2015
Do not publish